CHASEZ, Judge.
Plaintiff, Mrs. Doris Dragon, as qualified tutrix of her minor son, Kenneth, filed suit against defendants-appellees to recover damages suffered by Kenneth when he ran into the side of a vehicle operated by Robert Fisher.
Petitioner originally named Robert Fisher as one of the defendants, but upon his death amended her petition and substituted his legal successors as defendants.
Defendants, St. Mary’s Dominican College and its insurer, Lumbermen’s Mutual Casualty Company filed a motion for summary judgment grounded on the allegations that Fisher was not within the course and scope of his employment at the time of the accident. The summary judgment was granted on October 17, 1969 and plaintiff appealed.
The accident occurred on April 1, 1966 at approximately 4:45 P.M. on Magazine Street in New Orleans, Louisiana. On the date of the accident Robert Fisher was employed'by St. Mary’s Dominican College as a gardener. Since the college was one for females, a requisite of his job was to stay as neat and clean in appearance as possible. To this end he personally selected and purchased uni form-type work clothes, either grey or khaki, with his own funds.
According to Fisher’s deposition, the college neither bought nor contributed to the price paid for the clothing. There were no identification patches or other insignia to connect the clothing with St. Mary’s Dominican College.
April 1, 1966, the day of the accident, was Good Friday. Robert Fisher worked from 7:00 A.M. until 11:00 A.M. when he and the other employees of the college were given the rest of the day off. He *349 left St. Mary’s and proceeded to his home in Kenner, Louisiana. On arriving home he remembered that he had forgotten to purchase some new trousers of the type he used in his work, and some time in the afternoon he went to the store in downtown New Orleans where he had previously made other purchases to secure trousers used in his work, but, for some unknown reason, was unable to do so. On leaving the store he proceeded to Magazine Street and was travelling in an uptown direction when the accident occurred. Mr. Fisher was driving his personal truck at the time.
Plaintiff has attempted to show that Fisher was required to keep clean and that he wore this uniform-type clothing not by personal choice, but because it had been made clear to him that he would have to be presentable at all times. This was done in order to establish that Fisher was not on a personal errand, but that St. Mary’s Dominican College benefitted from Fisher’s obtaining this clothing, and that, therefore, Fisher was within the course and scope of his employment at the time the accident occurred.
Generally, an employer is liable for the negligent acts of his employee done within the express or implied scope of his employment. LSA-C.C. art. 2320.
Plaintiff has cited cases which hold that even though an employee is engaged in an activity which cannot be regarded strictly as part of the employer’s business, if the employer through self-interest directs or encourages the employee to act, or derives some benefit from the activities, then the action will be considered to be within the scope of employment. Ledoux v. Fleming, 188 La. 52, 175 So. 747 (1937); Pitre v. Louisiana Highway Commission, La.App., 161 So. 894 (1st Cir. 1935); Duffy v. Hickey, 151 La. 274, 91 So. 733 (1922).
However, in this case there was no benefit derived from the activity; the employee was not on the premises, was not acting during working hours, was on no mission for the employer. The employee was not told to wear any certain type of clothing other than regular street clothes. He was told only to stay clean and presentable. He was not furthering his employer’s business. The necessities of the employer’s business did not require that Fisher be at the place of the accident at the time it occurred. We think that the better rule would be that applied in Graffagnini v. George Engine Co. Inc., La.App., 45 So.2d 412 (Orleans App.1950), in which it was stated that even though the employee’s activity may incidentally benefit his employer, it does not result that he is acting in the course and scope of his employment.
Under the circumstances, we cannot say that Fisher was even remotely within the course and scope of his employment at the time of the accident.
Plaintiff argues that whether Fisher was or was not within his employment is a question of fact which would defeat the summary judgment. This is a misapprehension, however, because whether Fisher was or was not within his employment is a legal conclusion to be drawn from the facts presented.
In the present case there are no genuine issues of material fact and movers, defendants-appellees, are entitled to a summary judgment as a matter of law.
For the foregoing reasons, the judgment of the lower court granting a summary judgment in favor' of defendants, St. Mary’s Dominican College and Lumbermen’s Mutual Casualty Company, dismissing the suit filed by plaintiff, Mrs. Doris Dragon, individually and as tutrix of her minor son, Kenneth is affirmed.
Affirmed.